UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JERELL BUNCE,

                                    Plaintiff,

            -against-

CITY OF NEW YORK, P.O. CORPORAN, and P.O.
SANTIAGO, DOES 1 'though' 10 inclusive,

                                  Defendants.

------------------------------------------------------------------------ x

**ANSWER**

08 CV 4857(AKH)

JURY TRIAL DEMANDED

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

        5.      Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief the individuals named in the caption as "P.O. Corporan" and "P.O. Santiago" have not been served with process in this action.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set in paragraph "7" of the complaint, except admits that plaintiff purports to proceed as stated therein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation and maintains a police department.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff was arrested on or about October 8, 2007.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "13"[2] of the complaint.

15. Denies the allegations set forth in paragraph "14" of the complaint.

16. Denies the allegations set forth in paragraph "15" of the complaint.

17. Denies the allegations set forth in paragraph "16" of the complaint.

18. Denies the allegations set forth in paragraph "17" of the complaint.

19. Denies the allegations set forth in paragraph "18" of the complaint.

20. Denies the allegations set forth in paragraph "19" of the complaint.

---

[2] Plaintiff's complaint contains two paragraphs labeled "13".

21. Denies the allegations set forth in paragraph "20" of the complaint.

22. Denies the allegations set forth in paragraph "21" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about January 4, 2008, and that this claim has not yet been adjusted or settled.

23. Denies the allegations set forth in paragraph "22" of the complaint, except admits that the complaint in this action was filed on or about May 23, 2008.

24. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and re-alleges the responses to the allegations set forth in the preceding paragraphs as though fully set forth herein.

25. Denies the allegations set forth in paragraph "24" of the complaint.

26. Denies the allegations set forth in paragraph "25" of the complaint.

27. Denies the allegations set forth in paragraph "26" of the complaint.

28. Denies the allegations set forth in paragraph "27" of the complaint.

29. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and re-alleges the responses to the allegations set forth in the preceding paragraphs as though fully set forth herein.

30. Denies the allegations set forth in paragraph "29" of the complaint.

31. Plaintiff has failed to include a paragraph "30" in the complaint.

32. Plaintiff has failed to include a paragraph "31" in the complaint.

33. Denies the allegations set forth in paragraph "32" of the complaint.

34. Denies the allegations set forth in paragraph "33" of the complaint.

35. Denies the allegations set forth in paragraph "34" of the complaint.

36. Denies the allegations set forth in paragraph "35" of the complaint.

37. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and re-alleges the responses to the allegations set forth in the preceding paragraphs as though fully set forth herein.

38. Denies the allegations set forth in paragraph "37" of the complaint.

39. Denies the allegations set forth in paragraph "38" of the complaint.

40. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and re-alleges the responses to the allegations set forth in the preceding paragraphs as though fully set forth herein.

41. Denies the allegations set forth in paragraph "40" of the complaint.

42. Denies the allegations set forth in paragraph "41" of the complaint.

43. Denies the allegations set forth in paragraph "42" of the complaint.

44. Denies the allegations set forth in paragraph "43" of the complaint.

45. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and re-alleges the responses to the allegations set forth in the preceding paragraphs as though fully set forth herein.

46. Paragraph "45" of the complaint contains conclusions of law, rather than averments of fact. Accordingly, no response is required.

47. Paragraph "46" of the complaint contains conclusions of law, rather than averments of fact. Accordingly, no response is required.

48. Denies the allegations set forth in paragraph "47" of the complaint.

49. Denies the allegations set forth in paragraph "48" of the complaint.

50. Denies the allegations set forth in paragraph "49" of the complaint.

51. In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and re-alleges the responses to the allegations set forth in the preceding paragraphs as though fully set forth herein.

52. Denies the allegations set forth in paragraph "51" of the complaint.

53. Denies the allegations set forth in paragraph "52" of the complaint.

54. Denies the allegations set forth in paragraph "53" of the complaint, except admits that plaintiff purports to proceed as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57. Plaintiff's claims may be barred in part for failure to comply with the conditions precedent to suit.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendant City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

59. Plaintiff's claims may be barred in part by the doctrines of *res judicata* and/or *collateral estoppel*.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

60.   At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion.  Therefore, it is entitled to governmental immunity from liability.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

61.   There was probable cause for the plaintiff's arrest, detention and prosecution.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

62.   Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

63.   Plaintiff's claims may be barred in part by the applicable statute of Limitations

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

64.   Plaintiff provoked any incident.

- 7 -

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
                September 2, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                        City of New York
                                    Attorney for Defendant City of New York
                                    100 Church Street, Room 3-221
                                    New York, New York 10007
                                    (212) 788-1096

                              By:           /s
                                    SUMIT SUD (SS 2781)
                                    Assistant Corporation Counsel

To:     Nkereuwem Umoh, Esq. (by ECF)
          Attorney for Plaintiff

Docket No. 08 CV 4857(AKH)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JERELL BUNCE,<br><br>                              Plaintiff,<br><br>                  -against-<br><br>CITY OF NEW YORK, P.O. CORPORAN, and P.O. SANTIAGO, DOES 1 'though' 10 inclusive,<br><br>                             Defendants. |
| **ANSWER** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: SUMIT SUD*<br>*Tel:  (212) 788-1096*<br>*NYCLIS No.* |
| *Due and timely service is hereby Admitted.*<br><br>*New York, N.Y.  .......................................... ,2008*<br><br>*.................................................................. Esq.*<br><br>*Attorney for .........................................................* |